UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD L. BEAVERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:04-CV-2615-T-30MSS
Crim. Case No.: 8:01-CR-448-T-30MSS

## ORDER

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) filed on December 20, 2002, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #7), and Petitioner's Traverse to the Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #8).

Petitioner challenges the sentence imposed following his 2004 conviction for a child-pornography related offense. The court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

### Background

Petitioner, Ronald L. Beavers (hereinafter referred to as "Beavers" or "Petitioner") pled guilty to Count One of an Indictment charging him with persuading, inducing, or

coercing a minor to engage in sexually explicit activity for the purpose of producing a visual depiction, in violation of 18 U.S.C. §2251(a). Beavers was sentenced on January 15, 2004, to a term of one-hundred and twenty (120) months imprisonment, to run concurrently with his term of imprisonment imposed pursuant to his sentence in Hillsborough County Case No. 01016408.

On December 1, 2004, Petitioner timely filed this §2255 petition asserting that the Court was without jurisdiction to impose his sentence.

## Standard of Review

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

## Discussion

Petitioner asserts that his sentence must be vacated on the grounds that this Court was without jurisdiction to impose his sentence. Petitioner's claim is without merit. Petitioner pled guilty in this matter and executed a written plea agreement. In the agreement, petitioner

agreed that this court had jurisdiction to sentence him. Paragraph B.5 states:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, <u>the defendant agrees that this court has jurisdiction</u> and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a) (emphasis added). [1]

Having admitted jurisdiction in his plea agreement, Petitioner can not now attack his sentence collaterally claiming there is no jurisdiction.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

---

[1] See CR DKT# 17 at 11-12

2.  The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

DONE and ORDERED in Tampa, Florida on June 30, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Conformed copies to:
All Counsel/Parties of Record

S:\PDF TEMP FILE\04-cv-2615.beavers order.wpd